## NORTON VS. THE STATE.

An indictment, charging that the defendant, with others, "bet the sum of twenty-five dollars, upon a certain unlawful gambling device, commonly called a raffle," does not describe an offence, within the meaning of any statute heretofore enacted against gaming.

*Appeal from the Mayor's Court of Fort Smith.*

S. H. HEMPSTEAD, for the appellant.

J. J. CLENDENIN, Att'y Gen'l, for the State.

Mr. Chief Justice WATKINS delivered the opinion of the Court. The indictment, upon which the appellant was convicted,

charged that he, together with certain other persons named, " bet the sum of twenty-five dollars, each, upon a certain unlawful gambling device, commonly called a raffle, which, said gambling device, was then and there adapted, devised and designed for the purpose of playing a game of chance, at which money or property may be lost or won," &c. The evidence was, that Sutton, one of the defendants, owned a buggy, and divided the value of it into ten shares, and denominated these shares chances. The defendant, Norton, together with the other defendants, purchased all of those shares or chances, except one, which was retained by Sutton; each paying therefor the sum of $25 00. The buggy then belonged to all of the defendants, in equal proportions, and they proceeded to raffle for it by casting lots with dice, in the manner described, and one of the defendants, who cast the highest number, won it.

The act complained of may be within the mischief, but it is not within the meaning of any statute heretofore enacted against gaming; and if the practice grow to be an evil, it will require further legislation for the suppression of it. The construction put upon the first section of the statute, has uniformly been that it relates exclusively to what are known as banking games, which offer a challenge to betters, and are usually kept or exhibited by persons whose occupation it is to prey upon the community. Hence, such gaming-tables, devices, or banks, are peculiarly obnoxious to the law, and the offence of betting against them is also severely punished by the 3d section. (*Stith vs. the State*, 13 *Ark.* 682.) The offence created by the 8th section, is for betting on games at cards. At the common law, gaming-houses were indictable as a public nuisance, (*Vanderworker vs. The State*, 13 *Ark.* 700); but unless restrained by some express statute, ordinary wagers or betting were tolerated as being for amusement or recreation. 1 *Ch. Cr. Law* 677.

If the raffle is classed with lotteries, to which it may be assimilated, the case is not reached by the constitutional inhibition. Under it, the Legislature cannot authorize any lottery, and con-

tracts for the sale of tickets, or shares, in a lottery, might be illegal, but, without some statute giving it a penal sanction, there is no authority for punishing criminally the persons concerned in any scheme or device of the kind.

The judgment will be arrested, and the defendant discharged from prosecution.