MARTIN VS. THE STATE.

1. CRIMINAL LAW: *Voluntary Escape.*

A voluntary escape, is where one having a felon lawfully in his custody, voluntarily permits him to escape from it, or to go at large: and this is felony, if the person be imprisoned for felony, and treason if he be imprisoned for treason, etc.; but the person or officer voluntarily permitting such escape, is not to be tried until the party escaping is convicted.

2. ————: *Negligent Escapes.*

Negligent escapes of felons, are not felonies, but punishable by fine and imprisonment upon the officer or person that suffers them, and he may be punished for a misdemeanor, before the conviction of the principal party.

3. ————: *Same; How Indicted.*

The statute provides for the punishment of voluntary escapes, but negligent escapes are indictable only as common law offenses, and punishable under the general statute adopting the common law, etc., by a fine not exceeding $100, and imprisonment not exceeding three months.

4. ————: *Indictment; Magistrate.*

The term "magistrate" is not confined to an officer authorized to issue warrants of arrest, and an indictment charging that a warrant was issued by a magistrate, does not show that it was issued by a justice of the peace, or other officer having lawful authority to issue it.

5. ————: *Same.*

No indictment can be maintained against an officer for permitting the escape of one held under arrest by warrant, unless the officer issuing the warrant had jurisdiction, or legal authority to issue it, and this should appear on the indictment.

6. ————: *Warrant, sufficiency of.*

A warrant commanding an officer to arrest one on a charge of felony, without designating the species of felony, is not void, and the officer can not legally refuse to arrest the accused, and will be liable to indictment if he permits him to escape by negligence.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Allen,* for appellant.

*Henderson,* Attorney General, *contra.*

ENGLISH, CH. J.:

The indictment in this case is, in substance, as follows:

"The grand jurors of Faulkner County, in the name and by authority of the State, etc., accuse J. E. Martin of the crime of negligent escape, committed as follows, viz: The said J. E. Martin, on the 13th day of September, 1876, in the county and state aforesaid, then being the Sheriff of said County of Faulkner, and having the lawful custody of J. E. Rhea, under and by virtue of a warrant issued by A. F. Livingston, a magistrate of said county, upon charge of a felony, which said warrant was delivered to said J. E. Martin, as Sheriff, as aforesaid, to apprehend said J. E. Rhea, and bring him before said magistrate, to be dealt with according to law; and said J. E. Martin, as such Sheriff, having arrested said J. E. Rhea, in pursuance of said warrant, and so having said J. E. Rhea in his lawful custody for the cause aforesaid, at, etc., the said J. E. Rhea out of the custody of him, the said J. E. Martin, unlawfully and negligently, did permit to escape and go at large whithersoever he would, to the hindrance of justice, and against the peace," etc.

The defendant filed demurrer to the indictment, which was overruled. He was tried on the plea of not guilty; and the jury returned a verdict of guilty, and assessed a fine of $10 against him; and judgment was at once entered upon the verdict. On motion of the defendant, the court set aside the judgment, and permitted him to file a motion for a new trial, which was overruled. He then filed a motion in arrest of judgment, which was overruled, and final judgment entered upon the verdict, from which he appealed.

In the demurrer to the indictment, the following causes for demurrer were assigned:

*First*—The indictment does not state facts sufficient to constitute a public offense.

*Second*—It does not show that said supposed warrant was a lawful warrant.

*Third*—It does not state the offense for which said prisoner was arrested.

*Fourth*—It does not show that said A. F. Livingston was authorized to issue said warrant.

*Fifth*—It does not state that the escape was wilfully or voluntarily permitted, or carried out.

The motion in arrest of judgment, assigned the general cause: That the facts stated in the indictment, do not constitute a public offense within the jurisdiction of the court.

By common law escapes are of two classes, voluntary and negligent.

A voluntary escape, is when a person having a felon lawfully in his custody, voluntarily permits him to escape from it, or to go at large; and this is felony, in case the person be imprisoned for felony; and treason, in case the person be imprisoned for treason, etc.; but the person or officer voluntarily permitting such escape, is not to be tried until the principal offender escaping is convicted, etc.   1 Hale's Pleas of the Crown, 590-9.

Negligent escapes of felons are not felony, but punishable by fine and imprisonment upon the officer or person that suffer them, and the officer thus neglecting his duty may be fined and imprisoned for a misdemeanor before the conviction of the principal party.   Hale P. C., 600, 4; Blackstone, 130.

The statute makes provision for the punishment of voluntary escapes, (Gantt's Digest, secs. 1478, 1481-1487) but negligent escapes seem not to be embraced by any of the provisions of the statute.   This class of escapes, however, is indictable as common law offenses, and punishable under the general statute adopting the common law, etc., by fine not exceeding $100, and imprisonment not exceeding three months.   Gantt's Digest, ch. 22, secs. 772-3.

The indictment in this case, is for a negligent escape, and charges that the warrant under which the appellant, as sheriff, arrested and had in custody the person accused of a felony, was issued by A. F. Livingston, a magistrate, etc. The use of the term "magistrate" was bad pleading. It is not used in the precedents.

Magistrate (from the Latin *Magistratus*): A public civil officer, invested with some part of the legislative, executive, or judicial power, given by the Constitution, etc. The President of the United States is Chief Magistrate of the Nation; the Governors are the Chief Magistrates of their respective States. In a narrower sense, the term only includes inferior judicial officers, such as justices of the peace, etc. Burrill Law Dic. Bouvier Law Dic.

A statute of Maine declared, that deeds should be good against third persons, when acknowledged before a justice of the peace or magistrate, in some other state, etc. In *Gorden, et al.* v. *Hobart, et al.*, 2 Sumner, 401, the question came before Judge Story, whether a mortgage acknowledged by the grantor before an alderman of the City of Philadelphia, was valid under the statute, and he said:

" Was the acknowledgment in conformity with the statute, etc.? Is an alderman of the City of Philadelphia a magistrate in the sense of the statute? In my judgment he is ; for I know of no other definition of the term "magistrate," than that he is a person clothed with power as a public civil officer. Mr. Justice Blackstone, in his commentaries, says, that 'the most universal public relation, by which men are connected together, is that of government, namely as governors or governed, or in other words, as magistrates and people. And after speaking of the king as the supreme magistrate, he proceeds to speak of subordinate magistrates, and enumerates several classes of persons to whom

the appellation is applicable, whose rights and duties he shall not investigate'; and then adds: 'Nor shall I enter into any minute disquisition with regard to the rights and dignities of mayors and aldermen, or other magistrates of particular corporations; because they are mere private and strictly municipal rights, depending entirely upon the domestic constitution of their respective franchises. Thus, he plainly admits aldermen to be magistrates; and afterwards enumerates others, whose rights and duties he shall consider; and among these are sheriffs, coroners, justices of the peace, constables, surveyors of highways, and overseers of the poor; so that it is clear, that the appellation is not confined to justices of the peace, and other persons *ejusdem generis*, who exercise general powers; but it includes others, whose main duties are strictly executive. Dr. Johnson gives a definition of the term 'magistrate,' not materially different from that inculcated by Blackstone; saying that a magistrate is 'a man publicly invested with authority, a governor, an executor of the law,'" etc.

Under a similar statute of Massachusetts, an American consul at a foreign port, was held in *Warren* v. *Manufacturers' Insurance Company*, 13 Pickering, 523, to be a "magistrate" within the meaning of the statute.

The term "magistrate" is used in a genuine sense, in parts iv. and vi., ch. 43, title Criminal Procedure, Gantt's Digest, providing for the arrest of criminals, preliminary examination, etc., but not in its broadest sense as above defined. Sec. 1668, defines and limits the meaning of the term as there used, thus: "A warrant of arrest may be issued by the following officers, who are called magistrates, viz: Judges of city or police courts, mayors, and justices of the peace; and may be executed by the following officers, who are called peace officers, viz: Sheriffs, constables, coroners, jailors, marshals, and policemen.

Martin vs. The State.

A justice of the peace has jurisdiction to issue a warrant for the arrest of a person committing a crime, anywhere within the limits of his county. Art. vii., sec. 40, Constitution, 1874; Gantt's Digest, sec. —; Gantt's Digest, ch. 43.

Judges of the city or police courts, and mayors, have jurisdiction to cause the arrest of persons committing offienses within the limits of their municipal corporations—Gantt's Digest, sec. 1642; Act of March 9, 1875, for the incorporation of municipal corporations—secs. 45, 54, etc.

Had the indictment alleged that the warrant was issued by a justice of the peace, the jurisdiction would have appeared from the other allegations. But if issued by a judge of a municipal court, or mayor, as it may have been for anything that appears to the contrary by the use of the general term " magistrate,". the further allegation, that the offense for which the accused was arrested, was committed within the limits of the corporation of the officer issuing the warrant would have been necessary to show jurisdiction.

No indictment could be maintained against a sheriff, for permitting the escape of a person held under arrest by warrant, unless the officer issuing the warrant had jurisdiction, or legal authority to issue the writ, and this should appear from the indictment. *Bass* v. *State*, 29 Ark., 142.

The indictment charges, that appellant, as sheriff, etc., arrested and had in custody, J. E. Rhea, under and by virtue of a warrant issued, etc., upon a charge of " a felony," without naming the particular crime for which the accused was arrested, etc.

Hawkins, says: "Also it seems clear, that every indictment for voluntary escape, must allege and show the species of the crime for which the party was imprisoned; for it is not sufficient to say, in general, that he was in custody for felony, etc., for that no one can be punished in that degree, but as involved in

the guilt of the crime for which the party was in his custody; and, therefore, the particular crime must be set forth, that it may appear that the principal is attainted for the very same crime, if it were felony, or that it was in truth committed, if high treason. But it seems questionable whether such certainty, as to the nature of the crime, be necessary in an indictment for a negligent escape, for that it is not material in this case, whether the person who escaped were guilty or not." Book 2, ch. 19, sec. 14.

The statute requires the warrant of arrest, in general terms, to name or describe the offense charged to have been committed, and gives a form for such warrant. Gantt's Digest, sec. 1669, and notes. But we think a warrant commanding an officer to arrest a person on a charge of felony, without designating the species of felony, would not be void, and that the officer could not legally refuse to arrest the accused, and would be liable to indictment, if he permitted him to escape by negligence. The warrant under which the arrest was made in this case, was introduced on the trial, and the party arrested was charged with having committed the "offense of felony," and the indictment followed the warrant, and we think in this respect it was sufficient. Whether an indictment for a voluntary escape, alleging the offense of the party arrested in such general terms, though bad at common law, for the reason given by Hawkins, would be good under our statutes providing for the punishment of such escapes, is not now before us.

The indictment seems to be substantially good, except in alleging the warrant of arrest to have been issued by a "magistrate," etc., as above indicated, and for that cause the demurrer should have been sustained, and, having been overruled, the judgment should have been arrested. Inasmuch as no new trial can be awarded upon the present indictment, we deem it unnec-

essary to pass upon the questions reserved during the trial, relating to the admission of evidence, instructions of the court, etc.

The judgment is reversed, and the cause remanded with instructions to the court below, to arrest the judgment.