## BLUMENSTIEL *v.* STATE.

### Opinion delivered May 2, 1921.

1. CRIMINAL LAW—MAINTAINING NUISANCE—EVIDENCE.—On a trial for maintaining a common nuisance, namely a resort where betting on horse races was permitted and encouraged, evidence of bets placed more than one year before the finding of the indictment was properly admitted when properly limited to the question of the connection of the parties with the subsequent occurrences in the same building.

2.  GAMING—MAINTAINING NUISANCE—STATUTES.—Persons maintaining a common nuisance in a resort where betting on horse races is permitted and encouraged may be prosecuted under Crawford & Moses' Digest, §§ 1432, 1433, relating to common-law crimes and misdemeanors, though they might also be punished under §§ 2632 and 2669, making it a misdemeanor to bet on a horse race or to operate a gambling house.

3.  CRIMINAL LAW—PUNISHMENT.—Under Crawford & Mosses' Digest, § 1433, providing that where the punishment for crimes and misdemeanors is not provided for by the statute, the punishment "shall only be fine and imprisoment," both fine and imprisonment are not required, and an instruction authorizing either mode of punishment or both should have been given, instead of an instruction directing that both modes of punishment be used.

4.  WITNESS—COMPELLING ACCUSED TO TESTIFY.—Under Constitution, art. 2, § 8, providing that no person shall be compelled in a criminal case to be a witness against himself, a defendant tried jointly with others can not be required to testify, though the jury is admonished that his testimony can not be considered against him; Crawford & Moses' Digest, § 3122, providing that where two or more persons are jointly or otherwise concerned in the commission of any crime either may be sworn as a witness, but that his testimony shall not be used against him, not being applicable to joint trials.

5.  CRIMINAL LAW—PROOF OF FORMER TESTIMONY—HEARSAY.—On a trial of a charge of maintaining a common nuisance where betting on horse races was permitted and encouraged, the testimony of a witness as to testimony given on the trial of a third person for betting on horse races was hearsay.

6.  GAMING—NUISANCE—KNOWLEDGE OF DEFENDANT.—On a trial for maintaining a common nuisance where betting on horse races was permitted and encouraged, it was competent to show that persons had been convicted for operating a pool room in defendant's cigar store, as tending to charge the owners of the business, who were in the building with more or less frequency, with knowledge of the use which was being made of their place of business.

7.  GAMING—COMMON NUISANCE—INDICTMENT.—Under an indictment charging the maintenance of a common nuisance for the purpose of permitting and encouraging divers idle and ill-disposed persons to resort thereto for the purpose of betting on horse races, etc., the allegation that the frequenters of the place were "idle and ill-disposed persons" was surplusage, and no other inquiry into their character was required than whether they assembled there from time to time to bet on horse races.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*A. J. Murphy* and *Geo. P. Whittington,* for appellants.

1. If appellants are guilty, they are either guilty of the statutory misdemeanor of betting on a horse race, forbidden under C. & M. Digest, §§ 2669-70, or they are guilty of the statutory felony of operating a gambling house, under C. & M. Digest, § 2632. The whole subject-matter of the charges is covered by these sections, § 2669 covering every form of betting on horse races and § 2632 covering every form of operating a gambling house, so if appellants are guilty at all they should be prosecuted under these sections and not for maintaining a common-law nuisance, as that offense was merged into the statutes and there is no rule for the infliction of the penalties prescribed by § 1433 of C. & M. Digest and the facts stated in the indictment do not constitute a public offense. 13 Ark. 700. The case, *State v. Vaughan,* 81 Ark. 117, is not an authority against us, because when that opinion was rendered it was not a violation of law to bet on horse races, and there was no statutory penalty for operating a place for betting on horse races. The penalties sought to be imposed here are those prescribed in C. & M. Digest, § 1433. Under this section it was error to fine and imprison appellants under the common-law statute, as all phases of such crime are now punishable under statutory provisions.

2. It was error to permit defendants Blumenstiel and Wolf to testify over the objections of defendants. C. & M. Digest, § 3062. See, also, *Ib.,* § 3123.

3. There are other errors in admitting testimony, and the court erred in its instructions. 32 Ark. 124; 71 *Id.* 144.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. Under the undisputed testimony, appellants were guilty, under C. & M. Digest, § 2670, also under § 2632

*Id.* and § 2669. See 98 Ark. 437; 55 *Id.* 10; 98 *Id.* 440; Bishop on Cr. Law, § 1135; 29 Cyc. 1183. Betting on horse races and operating a place where such bets are made, are common-law nuisances at least and punishable under our common-law statute. 20 R. C. L. 404-5; 81 Ark. 122; 48 *Id.* 60; 2 Wharton, Cr. Law, § 1465.

Under the undisputed testimony, the manner in which appellants carried on this unlawful business was a nuisance within itself. 35 S. W. 553; 98 Ky. 574; 79 Ky. 618; 13 S. W. 236; 88 Tenn. 566; 40 N. E. 432.

It was a nuisance, *per se.* 1 Hawk 733.

2. The testimony offered and objected to was admissible as competent. 131 Ark. 450; 18 A. & E. Ann. Cas. 850-1; 97 S. W. 92; 45 Md. 33; 108 N. W. 6; 135 Ark. 163. The testimony was competent. 131 Ark. 445; 130 *Id.* 48. See, also, C. & M. Digest, § 3124. A nuisance *per se* is clearly charged and proved. 945 S. W. 847; 3 Words & Phr. (N. S.) 661. It was a nuisance at common-law. 10 L. R. A. (N. S.) 995; 218 Am. St. Rep. 269.

SMITH, J. This appeal is docketed and briefed here under the style of *Blumensteil et al.* v. *State,* for the reason that it bore that style in the court below, where Blumensteil, Wolf, Davis and Zoll were jointly tried and all convicted; but only Wolf and Davis have appealed.

The indictment charges the maintenance of a common nuisance "in a certain building on Central Avenue in the city of Hot Springs, Arkansas, known as the Blumensteil & Wolf Cigar Store, for the purpose of permitting and encouraging divers idle and ill-disposed persons to resort thereto for the purpose of betting on various horse races run outside of the State of Arkansas, and at divers times permit and encourage various idle and ill-disposed persons to resort thereto and bet money on horse races run outside of the State of Arkansas, and did thereby promote and encourage immorality, idleness and lawlessness, to the great injury and damage to the public morals and a common nuisance to the county of Garland, against the peace and dignity of the State of Arkansas."

The defendants were jointly tried, and at the trial Blumensteil and Wolf were called by the State as witnesses, and over the objection of the defendants were required to testify. In overruling this objection the court stated that he would instruct the jury that the testimony of Blumensteil could not be considered against him, and the testimony of Wolf could not be considered against him, and the jury was so instructed.

Over the objection of the defendants, witnesses were permitted to testify to bets on races placed with a man in charge of the rear end or back room of the cigar store, where such bets were accepted. But in admitting the testimony the court stated that a conviction could not be had on what occurred more than a year prior to the finding of the indictment, but that such testimony was admissible on the question of the connection of the parties with the subsequent occurrences in the building. We think the testimony as thus limited was competent for the purpose for which it was admitted.

There was testimony that within a year of the indictment bets were received, and that on one occasion the city commissioner, with the police, raided the place and found a large crowd of people there, who ran in every direction out of the front and the rear of the building, and when the crowd had dispersed, tickets were found scattered about the place which were used in betting on the horses, and posted on the wall of the room was a card showing the odds which were being offered on the different horses.

The police judge was permitted to testify about the conviction of a man named Powers, which had been secured in his court by the authorities, for betting on horse races, and in giving this testimony he was allowed to state that "the evidence tended to show that he (Powers) was seen around there on several occasions, and was making a book up there." It is argued, however, that a proper exception was not saved to this testimony.

Appellants requested the court to give an instruction numbered 5, reading as follows:

"If you find the defendants guilty, you will assess their punishment at a fine of not exceeding one hundred dollars or imprisonment not exceeding three months, or by both such fine and imprisonment."

This instruction was refused, and the jury was instructed that "the punishment provided by law for the offense charged is a fine not exceeding one hundred dollars and imprisonment not exceeding three months—that means anything up to one hundred dollars, and imprisonment for any time not exceeding three months."

This instruction numbered 5 was asked by appellants after the court had refused to declare that sections 1432 and 1433, Crawford & Moses' Digest, did not apply to the case made.

No attempt was made to show that any particular frequenter of the place was an idle or an ill-disposed person. On the contrary, appellants offered affirmative testimony that certain persons who were shown to have been in the room when bets were being received were not idle or ill-disposed persons; but this testimony was excluded by the court for the reason that the allegation of the indictment in that respect was an immaterial one; and an exception was saved to that ruling.

The verdict of the jury fixed the punishment of Wolf and Davis at a fine of one hundred dollars and imprisonment in the county jail for sixty days each; and from the judgment in accordance therewith is this appeal.

It is first insisted for the reversal of the judgment of conviction that sections 1432 and 1433, Crawford & Moses' Digest, do not apply. The insistence is that if appellants are guilty at all they should have been punished pursuant to section 2669, Crawford & Moses' Digest, or under section 2632, Crawford & Moses' Digest. Section 2669 makes it a misdemeanor to bet money or anything of value on any horse race, whether run in or out of this State. Section 2632 makes it a felony to operate a gambling house. It may be that appellants might have been convicted under either of these statutes;

but that fact is unimportant here, if they were also guilty under sections 1432 and 1433.

By section 1432 it is enacted that "The common law of England, so far as the same is applicable and of a general nature, and all statutes of the British Parliament in aid of or to supply the defect of the common law, made prior to the fourth year of James the First (that are applicable to our form of government), of a general nature and not local to that Kingdom, and not inconsistent with the Constitution and laws of the United States, or the Constitution and laws of this State, shall be the rule of decision in this State unless altered or repealed by the General Assembly of this State."

Section 1433 is as follows: "In cases of crimes and misdemeanors committed in this State, the punishment of which has not been provided for by statute, the court having jurisdiction thereof shall proceed to punish the offender under the provisions of the common or statute law of England put in force in this State by this act; but the punishment in such cases shall only be fine and imprisonment, and in such cases the fine shall not exceed one hundred dollars and the imprisonment shall not exceed three months."

In the case of *State* v. *Vaughan,* 81 Ark. 117, which was a proceeding to enjoin the operation of a pool room, such as appellants herein are shown to have been connected with, the court said: "The common law is put in force in this State, and the punishment for common-law offenses not covered by statute is fixed as a fine not exceeding $100 and imprisonment not to exceed three months. Kirby's Digest, sections 623 and 624.

"These statutes have been held applicable to a gaming house as a common-law misdemeanor. *Vanderworker* v. *State,* 13 Ark. 700; *Norton* v. *State,* 15 Ark. 71; *Thatcher* v. *State,* 48 Ark. 60; 1 Bishop, Crim. Law, section 1137. Each period in which a nuisance continues is a separate offense. Wharton, Crim. Law, section 1419." Sections 623 and 624 of Kirby's Digest are carried into Crawford & Moses' Digest as sections 1432 and 1433.

The court denied the relief prayed in that case on the ground that the operation of a pool room was a misdemeanor, and persons charged with its commission are entitled to a jury trial, and this right can not be taken away under the guise of an injunction against a nuisance.

The appellants here have had the jury trial which the court in the Vaughan case said persons were entitled to have who were charged with operating a pool room.

We think the court was in error, however, in holding that one convicted under sections 1432 and 1433, Crawford & Moses' Digest, must be punished by both fine and imprisonment, and the court should have given the instruction numbered 5 set out above. The language of the statute is: "But the punishment in such cases shall only be fine and imprisonment, and in such cases the fine shall not exceed one hundred dollars and the imprisonment shall not exceed three months."

In interpreting this statute the purpose of the Legislature must be kept in mind. The Legislature was enacting into our jurisprudence the common law of England so far as the same was applicable and of a general nature, and in fixing the punishment for crimes and misdemeanors where no punishment had been provided by statute, the Legislature sought to exclude certain punishments which prevailed at the common law. The phrase, "but the punishment in such cases shall only be fine and imprisonment," furnishes the key to the interpretation of section 1433.

There were other punishments for misdemeanors at the common law besides fine and imprisonment. There was the pillory in some cases, and whipping in others. 1 Stephen's History of the Criminal Law of England, page 457; 1 Russell on Crimes (7 Eng. ed.), p. 249.

The Legislature intended to prohibit the imposition of such punishments as pillory and whipping, and authorized the imposition of only fines and jail sentences, one or the other or both, and did not intend to require the imposition of both a fine and a jail sentence.

The question has never heretofore been expressly decided by this court, but the interpretation we have now given section 1433, Crawford & Moses' Digest, comports with the interpretation heretofore generally accepted.

In *Vanderworker* v. *State,* 13 Ark. 700, the appellant was convicted of keeping a common gaming house, which constituted a nuisance at common law. He was tried under what is now section 1433, Crawford & Moses' Digest, and only a fine was assessed against him. This judgment was affirmed without comment by this court.

In the case of *Martin* v. *State,* 32 Ark. 124, it was pointed out that the statutes had provided a punishment for voluntary escapes of prisoners, but no punishment had been prescribed for negligent escapes. It was held that escapes of the latter class were punishable as common-law offenses. The punishment in that case was a fine of ten dollars; and while the judgment was reversed on another ground, no question appears to have been made that the punishment did not conform to the law.

So in the case of *West* v. *State,* 71 Ark. 144, the court affirmed without comment a conviction for maintaining a common-law nuisance where a fine of one dollar had been imposed, with the alternative that if the fine was not paid the defendant should be imprisoned until it was paid.

We think the court erred in requiring Blumensteil and Wolf to give testimony in the case. It is true the court did admonish the jury that the testimony of Blumensteil could not be considered against him, and that the testimony of Wolf could not be considered against him, and it is insisted that, this admonition having been given, the testimony of each became admissible against the other. It is argued that such is the effect of section 3122, C. & M. Digest, which reads as follows:

"Section 3122. In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witness

shall in no instance be used against him in any criminal prosecution for the same offense.''

We do not interpret this statute as the court below did. We think it does not apply where persons are being jointly tried for the commission of the same offense. It applies when one concerned in the commission of a crime or misdemeanor, who is not himself on trial, is sworn as a witness in relation to such crime or misdemeanor upon the trial of another person. In that case he is required to testify and is given immunity against a subsequent use of that testimony against himself. But to require one to testify when he was himself on trial would, in a measure, render nugatory the provision of section 8 of article 2 of the Constitution providing that no person shall be compelled in any criminal case to be a witness against himself, even though the jury were admonished not to consider the testimony against the witness who gave it. Under the Constitution one on trial charged with the commission of a crime or misdemeanor has the right to refuse to be sworn as a witness.

We think it unnecessary to decide whether proper exceptions were saved to the testimony of the judge of the police court. But, inasmuch as the cause is to be remanded for a new trial, we take occasion to say that the police judge had no right to repeat the testimony heard by him at the trial of Powers. Such testimony was hearsay. It was competent, however, to show that persons had been convicted for operating a pool room in this cigar store. Such testimony tends to charge the owners of the business, who were residents of the city and were in and about the building with more or less frequency, with knowledge of the use which was being made of their place of business.

The court below properly treated as surplusage the allegation of the indictment that the frequenters of the place were idle and ill-disposed persons.

The court told the jury that if the defendants kept ''a place for people to resort to to place bets on horse races, and persons who desired to place bets on horse

races resorted to such place from day to day or from time to time, and made bets on horse races at such place, and such place was regularly kept for such business, and such business was regularly carried on there, then such a place would constitute a common nuisance within the meaning of the law.''

No other inquiry into the character of the persons who patronized the place in question is required than that stated in the instruction, towit: That persons assembled there from day to day and from time to time to bet on horse races.

Other assignments of error are discussed; but we think no other errors were committed, and the other points raised do not, in our opinion, require discussion.

For the error indicated the judgment is reversed and the cause remanded for a new trial.