## CROSBY v. STATE.

### Opinion delivered December 7, 1925.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of grand larceny.

2. CRIMINAL LAW—ORDER OF INTRODUCTION OF EVIDENCE.—In a prosecution for a felony, though it would have been fairer to the accused to require the State to produce its essential witnesses as part of its case in chief, rather than to allow such witnesses to testify after accused's testimony had been offered, the latter procedure did not constitute reversible error in view of the discretion vested in the trial court in the matter of the order of introducing testimony.

3. CRIMINAL LAW—INSTRUCTION ON WEIGHT OF EVIDENCE.—In a prosecution for larceny, an instruction that the possession of property recently stolen and unexplained is *prima facie* evidence of guilt is erroneous as being a charge on the weight of the evidence; and accused did not waive his objection thereto by requesting a definition of *"prima facie,"* which the court stated was such evidence as would authorize the jury to convict if unexplained and uncontradicted.

Appeal from Fulton Circuit Court; *John C. Ashley,* Judge; reversed.

*Geo. T. Humphries, P. C. Goodwin, F. M. Pickens,* and *Gustave Jones,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was tried on an indictment containing two counts, the first charging him with the crime of burglary, and the second with that of grand larceny,

alleged to have been committed on or about April 11th, 1925, by breaking into and entering the store of H. H. Lucas and stealing therefrom 65 suits of clothes. Appellant was acquitted on the first count, but was convicted on the second, and was given a sentence of five years in the penitentiary, and has appealed.

Numerous objections were made to the argument of special counsel assisting the prosecuting attorney in closing the case for the State. But we have concluded that, while the argument was pervervid, the statements in it were either in response to statements made by an attorney for the appellant, or were mere expressions of special counsel's opinion.

Appellant's defense was that of an alibi, and he insisted that he had never been in the county where the crime for which he was convicted was committed until after the commission thereof, and his arrest on that charge when he was taken to Fulton County for the preliminary examination.

Appellant vigorously insists that the testimony is not legally sufficient to sustain the conviction; but we do not agree with his counsel in this respect.

The testimony on the part of the State is to the effect that the store of Lucas was broken into late one night, and about 65 suits of clothes were stolen, enough to fill an automobile. Appellant was suspected of complicity in the crime, and Lucas, accompanied by the sheriff of Fulton County, went to Newport, where appellant operated a clothing store. Lucas discovered and identified some of the suits which had been stolen, and he told appellant that he was going to have a search warrant issued to search the store, whereupon appellant told Lucas that if any of the suits in his store had been stolen from Lucas that he (Lucas) could have them, and 35 suits of clothes were identified, and recovered by Lucas. There was testimony tending to identify appellant as one of two persons seen in Fulton County the day after the burglary with an automobile load of clothing, one suit of which was traded for a few gallons of gasoline.

An exception was saved to the order of the introduction of the testimony of witnesses Green Howard and Walter Nichols, who were not called as witnesses for the State until after the testimony introduced in appellant's behalf had been offered. These were not only material witnesses, but they might also be called essential witnesses, as it was their testimony which tended to show that appellant was in Fulton County immediately after the burglary.

The discretion of the trial court in the matter of the order in which testimony may be admitted is so wide that we do not reverse the judgment on this account, but we do express the opinion that it would have been fairer to appellant to have required the production of this testimony as a part of the State's case in chief.

The court gave, over appellant's objection, an instruction reading as follows: "You are instructed that possession of property recently stolen and unexplained is *prima facie* evidence of guilt. The words *'prima facie'*, as used in this instruction, mean such evidence as would authorize a jury to convict the defendant, if same is unexplained and uncontradicted."

A motion has been filed by the Attorney General in which time is asked to amend the bill of exceptions to show the following facts:

The court first instructed the jury as follows: "You are instructed that possession of property recently stolen and unexplained is *prima facie* evidence of guilt," and an exception was saved by appellant. Counsel for the defendant then asked the court to define the words *"prima facie,"* and the court responded to this request by adding the last sentence of the instruction reading: "The words *'prima facie,'* as used in this instruction, mean such evidence as would authorize a jury to convict the defendant, if same is unexplained and uncontradicted."

For the purpose of disposing of this motion we assume that an order of court could be obtained to amend the record in the respect stated; but we are of

opinion that the error in the instruction would not be cured if this were done. On behalf of the State, it is insisted that the error in the instruction was invited, and that appellant cannot therefore be heard to complain. We do not concur in this view, because the instruction as originally given was erroneous, and appellant did not waive his objection thereto by asking that it be made less objectionable, inasmuch as the instruction, in its entirety, is erroneous and was objected to in the form given.

Instructions in substantially the form set out above have been many times condemned by this court for the reason that it is a charge on the weight of the evidence. We have often said that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn, but that the weight to be attached to this circumstance in any given case, and the inferences to be deduced therefrom, are wholly for the jury, and it is an invasion of the province of the jury for the court to declare as a matter of law that the unexplained possession of recently stolen property is sufficient to sustain a conviction. A number of cases so holding are cited in the recent case of *Mays* v. *State*, 163 Ark. 232.

The instruction as first given by the court offends against the rule announced in the Mays case, *supra,* and in the cases there cited, and appellant did not waive his objection thereto by asking the court to define what was meant by the words *"prima facie,"* because the instruction as amended was also erroneous.

For the error in giving this instruction the judgment must be reversed, and the cause will be remanded for a new trial.