ALLGOOD *v*. STATE.

4337                                      177 S. W. 2d 928

Opinion delivered January 31, 1944.

*Mark B. Grimes* and *O. W. Pete Wiggins,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McFADDIN, J. Appellant was tried on an information charging him with the crime of assault with intent to kill Jim Allgood, and was convicted of aggravated assault; and brings this appeal, claiming as error the three points hereinafter discussed:

I. *The Insufficiency of the Evidence.* In testing the legal sufficiency of evidence to support a verdict it must be viewed on appeal in the light most favorable to the appellee. *Thomas and Carter* v. *State,* 196 Ark. 123,

116 S. W. 2d 358; *Crosby* v. *State,* 169 Ark. 1058, 277 S. W. 523; *Canada* v. *State,* 169 Ark. 221, 275 S. W. 327. With the above rule in mind we reach the conclusion that the evidence sustains the verdict in this case. Jim Allgood, the assailed party, testified that the appellant came to Jim's home; that they met near the porch; that while they were struggling witness saw a knife in the hands of the appellant, and witness said: "Don't hit me with that knife"; that appellant replied: "I have already"; and that appellant stabbed witness in each lung, and that witness was in the hospital for two weeks from said injuries. Another witness testified that she saw the knife in appellant's hand, and that immediately after the affray she said to appellant: "Golden, you have cut him," and that appellant replied: "I don't care if I killed. him." Still another witness testified that she urged the appellant to stay away from Jim Allgood's home because of the ill feeling between the parties, but, nevertheless, appellant went to Jim Allgood's home and that after the affray appellant said that he hoped he had killed Jim Allgood. There was other evidence, all of a similar nature, and sufficient to show that appellant without considerable provocation and with an abandoned and malignant disposition committed the assault with a deadly weapon and with an intent to inflict a bodily injury. So we conclude that the evidence amply supported the verdict.

II. *The Uncertainty of the Verdict.* The verdict of the jury read: "We, the jury, find the defendant guilty of aggravated assault and fix the penalty at $100. one year in prison."

On that verdict the court entered judgment and sentence of a fine of $100 *and* one year in prison. Appellant calls attention to the fact that in the verdict there is a comma between the $100 and the one year in prison, and appellant argues that the comma made the punishment disjunctive rather than conjunctive; that is, the verdict means the fine *or* the imprisonment; and that the verdict was thus uncertain and void and the court could not

interpret the verdict as it did, or, at most, the court could only adjudge the fine *or* the imprisonment.

There are two answers to appellant's argument, either one of which is sufficient. In the first place, the court had instructed the jury that if it found the appellant guilty of aggravated assault the verdict would be for a fine *and* imprisonment. So the verdict complied with the court's instructions in that regard. Secondly, and most cogently, the statute (§ 2960, Pope's Digest) requires that the punishment for aggravated assault be both fine *and* imprisonment. Under this statute it was mandatory on the jury to fix a punishment of both fine and imprisonment; and that is what the verdict did.

The case of *Blumenstiel* v. *State,* 148 Ark. 421, 230 S. W. 262, does not support appellant's contentions. That case related to punishment under a general statute not here involved. The offense of aggravated assault (§ 2960, Pope's Digest) is a statutory offense and prescribes its own punishment, so the common law types of punishment and the reasoning in the Blumenstiel case do not apply here.

We conclude therefore that the verdict was certain and carried both the fine *and* the imprisonment, and that the trial court was correct in so holding.

III. *The Irregularity of the Judgment.* In determining the place where the imprisonment of one year should be served, the trial court sentenced the appellant to the state penitentiary. This was error. The imprisonment should have been in the county jail. The statute (§ 2960, Pope's Digest) states that aggravated assault is a misdemeanor, and says that the punishment shall be ''imprisonment.'' In *Burrell* v. *State,* 203 Ark. 1124, 160 S. W. 2d 218, Mr. Justice GREENHAW, speaking for this court quoted from *Cheaney* v. *State,* 36 Ark. 74: ''In all our penal legislation, when the word 'imprisonment' only is used, it is understood to mean imprisonment in a county jail or local prison, and when the legislature has intended imprisonment in the penitentiary, it has been so expressed.'' Section 2921, Pope's Digest, makes the distinction between a felony and a misdemeanor, and § 2922,

Pope's Digest, provides that a felony is punishable by a sentence in the state penitentiary, and § 2923, Pope's Digest, provides that all other offenses are misdemeanors. The appellant, here, was convicted of a misdemeanor. He is not thereby a felon, and is not to be committed to the state penitentiary. But this error can be, and is hereby, cured by directing that the imprisonment be in the county jail rather than in the penitentiary.

And, as so modified, the judgment is in all other respects affirmed.