LINDSEY *v.* STATE.

316 S. W. 2d 349

Opinion delivered October 6, 1958.

*William E. Wiggins* and *John B. Hainen,* Texarkana, Texas, for appellant.

*Bruce Bennett,* Atty. General, and *Bill J. Davis,* Asst. Atty. General, for appellee.

ED. F. McFADDIN, Associate Justice. From a conviction for grand larceny (§ 41-3907 Ark. Stats. as amended by Act 243 of 1949) appellant brings this appeal. The motion for new trial contains eight assignments, which we group and discuss in suitable topic headings.

I. *Sufficiency Of The Evidence.* The specific charge was, that appellant and Cordell Powell had stolen a horse, the property of Mr. John Hawkins. Reciting the facts in the light most favorable to the verdict, as is our rule on appeal,[1] there was evidence that Hawkins' employee, Dave Moon, put the horse in question in a pasture in Little River County, Arkansas, on the night of September 8, 1957; that the fair market value of the horse was $100.00; that the horse was not in the pasture the next morning; and that Moon tracked the horse to the Lewis Ferry, which operates over Red River between Little River County, Arkansas, and Bowie County, Texas. The ferry operator, Mr. Polk, testified that appellant and "another man" crossed the ferry the night of September 8th from Little River County, Arkansas to Bowie County, Texas; that appellant was in an automobile and the other man was riding a horse; and that the description of the horse owned by Hawkins matched the description of the horse that appellant and the other man took across the ferry.

It was shown that the horse in question was taken to Bowie County, Texas, and placed in a pasture, and appellant claimed ownership of the horse until it was later identified and recovered by Dave Moon for Hawkins. Appellant claimed that Cordell Powell took the horse and that appellant was only accessory after the fact; but appellant did not deny that he claimed ownership of the horse by some sort of purchase from someone. It was the prerogative of the jury to pass on the fact question; and the evidence is sufficient to support the verdict of guilty as rendered by the jury because there was sufficient evidence to make a fact question as to whether the appellant was an accessory *before* the fact.

---

[1] Some cases so holding are: *Allgood* v. *State*, 206 Ark. 699, 177 S. W. 2d 928; and *Eddington* v. *State*, 225 Ark. 929, 286 S. W. 2d 473.

II. *Venue.* Appellant claims that no crime was committed in Little River County, Arkansas, because the appellant laid no claim of ownership to the horse until it had been carried to Bowie County, Texas. There is no merit to this argument. The testimony of the ferry operator, that appellant accompanied the "other man" and the horse across the ferry from Little River County, Arkansas to Bowie County, Texas, when coupled with appellant's subsequent claim of ownership of the horse, made a jury question as to appellant's participation in taking the horse from Little River County, Arkansas.

III. *Failure To Give The Written Instructions To The Jury.* At the proper time the Court instructed the jury, and it is conceded by appellant that the instructions were typewritten on four pages of legal size paper. When the jury retired to consider its verdict, appellant's counsel moved the Court to allow the jury to take the written instructions into the jury room. The Court refused this motion since the jury had made no such request.[2] Appellant assigns as error the refusal of the Court to allow the jury to take the typewritten instructions into the jury room. There is no merit to this assignment. We have repeatedly held that it is within the sound discretion of the Trial Court to grant or refuse defendant's request that the jury take the written instructions into the jury room. *Hurley* v. *State,* 29 Ark. 17; *Benton* v. *State,* 30 Ark. 328; *Culbreath* v. *State,* 96 Ark. 177, 131 S. W. 676; and *Rutledge* v. *State,* 222 Ark. 504, 262 S. W. 2d 650. No abuse of discretion is shown in the case at bar.

IV. *Newly Discovered Evidence.* In one assignment in the motion for new trial, appellant claims that he had discovered some new evidence. The assignment reads as follows:

"Newly Discovered Evidence. It having come to the attention of the Attorneys for the Defendant that testimony heretofore non-discovered would be available to the Defendant to the effect that the horse being the sub-

---

[2] Act No. 128 of 1957 is not applicable here, because the State did not join in the request made by defendant.

ject matter of the alleged larceny did not belong to John Hawkins, Sr. as such witness testified for the prosecution and that consequently the agency of Dave Moon, witness for the prosecution, would also fail, leave of the Court to hereafter attach affidavits of credible witnesses to sustain such position being requested as on the date of the filing of this Motion the Attorneys have not yet procured such affidavits but anticipate such procurement shortly.''

All we know about this assignment is what is copied above: the record does not contain any affidavits as mentioned, and no diligence is shown; so this assignment fails for lack of support.

Affirmed.