ENO v. STATE.

Opinion delivered June 21, 1909.

APPEAL AND ERROR—WHEN EXCEPTIONS WAIVED.—Exceptions to the introduction of evidence are waived where they were not brought forward in the motion for a new trial.

Error to Jackson Circuit Court; *Charles Coffin,* Judge; affirmed.

*Gustave Jones* and *Ira J. Mack,* for appellant.

1. The venue is a jurisdictional fact which must be proved by the State in order to convict of a criminal offense. 77 Ark. 19; 58 Ark. 242.

2. There was no sufficient evidence as to the damage. No foundation was laid for the question, nor previous knowledge as to the value of the horses, no opportunity of knowing values shown in the witness nor any experience. The answer of the witness was mere guesswork and speculation. 68 Ark. 218; 70 Ark. 401; 47 Ark. 497; 59 Ark. 105; 17 Cyc. 49 and cases cited.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. The horses were proved to have been shot in the Hart field, which was shown to be in Jackson County. The venue was

fully proved. It may be proved by circumstantial evidence. 68 Ark. 337 and authorities cited.

2. The testimony of Willie Hawley as to the amount of the damages could be disregarded, and still there is evidence to support the verdict. If his testimony was improperly admitted, the verdict will stand, unless the error was prejudicial. 77 Ark. 31; 8 Ark. 313; 27 Ark. 306; 43 Ark. 535; *Id.* 219; 51 Ark. 132; *Id.* 184.

HART, J. Albert Eno was arrested and tried before a justice of the peace for the crime of malicious mischief, charged to have been committed by wilfully and maliciously shooting five horses in Jackson County, Arkansas, belonging to J. R. Hawley.

He was convicted, and duly appealed to the circuit court. On a trial *de novo* in the circuit court, the jury returned the following verdict: "We, the jury, find the defendant guilty, and assess his fine at ($20) twenty dollars, and the damages at ($50) fifty dollars." Judgment was entered on the verdict in favor of the State of Arkansas for the amount of the fine, and in favor of the owner of the horses for triple damages in accordance with the provisions of sec. 1893 of Kirby's Digest. From the judgment the defendant has duly prosecuted an appeal to this court.

Counsel for the defendant insists that the venue was not proved, and also that there is not sufficient evidence to sustain the verdict. The undisputed evidence shows that three horses and two colts belonging to J. R. Hawley were shot in August, 1907. That both he and defendant lived near the Hart field, and that the father of the defendant made a crop in the Hart field in 1907. The undisputed evidence also shows that the Hart field is situated in Jackson County, Arkansas. The evidence on the part of the State showed that the defendant admitted to several witnesses that he had shot the horses of J. R. Hawley in the Hart field. One of them stated that defendant pointed out to him the horses he had shot, and stated that he had shot them in the lower Hart field. Witness stated that he knew the horses were the horses of J. R. Hawley, and that the Hart field was in Jackson County, Arkansas. Other witnesses testified that shortly after the horses were shot they saw the tracks of some horses and colts and also an empty shotgun shell in the Hart

field. The testimony tended to show that the wounds were inflicted with a shotgun. The defendant denied having shot the horses, and evidence was introduced in his behalf tending to corroborate his testimony; but it has always been the settled rule in this State that the weight of the evidence is a question for the jury, and its verdict is binding on us, if there is sufficient evidence to sustain it. We are of the opinion that there was sufficient evidence to warrant the verdict and therefore, we will not disturb it.

Counsel for defendant also contends that the court erred in permitting the following question and answer:

"Q. How much were the horses damaged by reason of having been shot?"

"A. They were damaged something like a hundred dollars worth."

Counsel for defendant objected to the question, but did not assign it as a ground of his motion for a new trial.

Exceptions to the introduction of evidence are waived where they were not brought forward in the motion for a new trial, and will not be considered on appeal. *Planters' Mut. Ins. Association* v. *Hamilton,* 77 Ark. 27; *St. Louis, I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531; *Young* v. *Stevenson,* 75 Ark. 181; *Allen* v. *State,* 70 Ark. 337; *Ince* v. *State,* 77 Ark. 418; *Choctaw & Memphis Ry. Co.* v. *Goset,* 70 Ark. 427; *Mt. Nebo Anthracite Coal Co.* v. *Williamson,* 73 Ark. 530.

Finding no prejudicial error in the record, the judgment is affirmed.

