STALLINGS v. BRADSHAW.

Opinion delivered December 23, 1918.

1. APPEAL AND ERROR—MODIFICATION OF INSTRUCTION—REVIEW.—The trial court's ruling in modifying one of appellant's prayers for instructions is not before the court on appeal if not brought into the motion for new trial.

2. TRIAL—REMARK OF COURT.—An inquiry by the trial court of defendant's counsel whether defendant had not proved himself out of court held objectionable as an expression of opinion.

Appeal from Prairie Circuit Court, Northern District; *Thos. C. Trimble,* Judge; reversed.

*Emmet Vaughan,* for appellant.

1. The verdict is contrary to law. The evidence does not justify the modification of defendant's instruction No. 2.

2. The remarks of the court call for a reversal.

WOOD, J. The appellees instituted this suit against the appellant and in their affidavit they set up that the appellant was justly indebted to them in the sum of $104 for labor performed by them in cutting, hauling, and sawing timber for the appellant; that they had a lien on the lumber at appellant's mill to secure the payment of the above sum, and they prayed for judgment and for a lien on the lumber.

The appellant filed an itemized account against the appellees as a counter-claim which, among other things, contained an item designated as ''Cash on Team, $139.95.'' The total amount of the counter-claim, including the above item, was $491.66, and after allowing sundry credits including the $104 in suit, the counter-claim showed a balance due the appellant of $43.82. The cause was submitted to a jury and they returned a verdict in

favor of the appellees for the amount of their claim. Judgment was entered in favor of the appellees, from which is this appeal.

The only question for our determination is, whether or not the court erred in submitting the issue as to whether or not the item of $139.95 was a proper set-off against the claim of the appellees. It was the contention of the appellees, and they introduced testimony tending to sustain their contention, that the appellant bought for them a team from one Drown, and delivered the same to the appellees; that Drown had reserved the title and that Stallings, who purchased the team, had given Drown a mortgage to secure the balance of the purchase money; that when this note became due, Drown took possession of the team from the appellees, and hence they acquired no title to the team and were not due the appellant the amount ($139.95) which he alleged that he had paid to Drown for the appellees.

The appellant contends, and introduced testimony tending to prove, that he purchased the team from Drown for the appellees and paid the sum of $139.95 cash, evidenced by a bill of sale of a car load of lumber from the appellant to Drown on the date appellant purchased the team for the appellees; that the appellant at the time was due the appellees for work, the sum of $135 and that it was agreed between the appellant and the appellees that this sum should go toward paying for the team; that at the time appellant purchased the team of Drown and delivered the same to the appellees, appellees acquired a perfect title to the team because at that time Drown, vendor, had not demanded of the appellant and the appellant had not executed a note to Drown for the balance of the purchase money on the team and in which Drown had retained the title.

Drown testified concerning this substantially as follows: On the day of the sale of the team to the appellant, the appellant executed to him (Drown) a bill of sale to a car load of lumber for the first cash payment on the team. This was on February 21, 1917. Four or five weeks

later the appellant executed his note to witness for the balance of the purchase money, in which note witness retained title to the team. This note was dated back as of the date when the team was sold and delivered to the appellant. The witness was asked this question: "Q. At the time this mortgage (referring to the note in which Drown had retained title) was given, Mr. Stallings had no right to give you a lien note on the team, did he?" Here the court announced: "Never mind, this is a question of law" and made this remark to the attorney of appellant, "Don't you think you have proven yourself out of court," to which remark the appellant excepted and this exception is made one of the grounds of motion for a new trial.

The court afterwards instructed the jury, and while the appellant excepted to the rulings of the court in modifying one of his prayers for instruction, the ruling of the court in this respect is not brought into the motion for a new trial, and, therefore, the ruling of the court in making the modification to appellant's prayer for instruction is not before us. The court, however, erred in its remark to the attorney for the appellant above quoted, which was but tantamount to an expression of opinion by the court on the weight of the evidence. It was a question for the jury to determine under proper instructions as to whether or not the appellees acquired a perfect title to the team and whether or not the appellant had advanced for the appellees the sum of $139.95 as a cash payment on the team as the testimony on the behalf of the appellant tended to prove. Upon the disputed issues of fact, it was improper and prejudicial error for the court to suggest in the hearing of the jury that the appellant had proven himself out of court.

For this error the judgment is reversed and the cause remanded for a new trial.