GOOCH *v*. STATE.

Opinion delivered October 24, 1921.

1. CONTINUANCE—SUFFICIENCY OF APPLICATION.—A motion for continuance on the ground that it was necessary for the defendant to secure depositions from witnesses residing elsewhere is insufficient where it fails to disclose the names of the witnesses or what their testimony would be.

2. CONTINUANCE—SUFFICIENCY OF APPLICATION.—A motion for continuance on the ground that an agreement had been reached between the attorney for the State and the attorney for the defendant to continue the case for the term was insufficient where it was not sworn to, and no proof was offered to show that the prosecuting attorney had agreed to continue the case.

3. CRIMINAL LAW—EVIDENCE—ALIBI.—Where the defendant sought to establish an alibi as a defense by proving that he was in jail in another State at the time of the alleged theft, proof that a person of another name was in such jail at the time alleged was insufficient, there being no testimony that defendant was known by the other name.

4. CRIMINAL LAW—EXCLUSION OF EVIDENCE—PREJUDICE.—Where the trial court excluded the answer of a witness, and the record does not show what the answer of the witness would have been, the question whether the court erred in such case will not be considered on appeal.

5. CRIMINAL LAW—NECESSITY OF MOTION FOR NEW TRIAL.—An exception to the exclusion of testimony or to the refusal to give an instruction will not be considered on appeal where it is not brought forward in the motion for a new trial.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John Brizzolara,* Judge; affirmed.

*E. M. Ditman,* for appellant.

1. The denial of appellant's motion for a continuance, after a continuance had been agreed upon between the prosecuting attorney and counsel for the defendant, to enable the defendant to obtain depositions from witnesses in Tulsa, Oklahoma, and after counsel for the State and for the defendant appeared before the court and agreed to continue the cause until the next term, was a manifest abuse of discretion.

2. In indictments for larceny the allegation of ownership is material, and must be proved by sufficient evidence as alleged, or the conviction cannot stand. 91 Ark. 1; 99 *Id.* 121. Ray wholly failed to identify the car as his, and there was no other testimony identifying it as his. Ray's testimony shows he bought his car in 1920, whereas the bill of sale introduced by the State shows that the car in question was a 1921 model.

3. The refusal to grant the motion for new trial on account of new evidence, that of the city jailer at Tulsa, and of Mrs. Herring, which would have shown that defendant was in the Tulsa jail at the time the car was stolen, was manifest error.

4.   The court erred in refusing to charge the jury at defendant's request that a bill of sale for goods is a valid defense, if such bill of sale was obtained in good faith, and for a valuable consideration.   96 Ark. 148; 28 *Id*. 126.

5.   It was error to refuse to permit the prosecuting attorney to testify at the trial as to the agreement to continue the case.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* assistants, for appellee.

1.   There was no error in refusing the motion for continuance.   There was no verification, no supporting affidavit, no showing of diligence, nor what the expected evidence would be,—in fact no compliance with the statute in any respect.   C. & M. Dig. §§ 3130, 1270.

2.   The evidence sustains the verdict.

3.   The motion for new trial was properly refused. The affidavits of the city jailer of Tulsa and of Mrs. Herring in no wise sustain defendant's claim that he was in jail at Tulsa at the time the car was stolen.   No showing that Herring and Gooch, the defendant, were the same person.   Moreover the motion for new trial lacks the essentials which must be set out, where the ground therefor is newly discovered evidence.   2 Ark 33; 85 *Id*. 179.

4.   Appellant did not in his motion for new trial assign as error the refusal to give instruction 7, the instruction with reference to a bill of sale, and he therefore cannot urge such refusal as error on appeal.   2 R. C. L. 100, § 72.

5.   Appellant made no effort to show what the prosecuting attorney would have testified.   He will not be heard now to complain.   88 Ark. 562; 87 *Id*. 123; 133 *Id*. 599.

Hart, J.   J. A. Gooch prosecutes this appeal to reverse a judgment of conviction against him for the crime of grand larceny charged to have been committed by stealing a Ford touring car in the city of Ft. Smith, Arkansas.

The first assignment of error is, that the trial court erred in refusing to grant the defendant's motion for a continuance. The court did not abuse its discretion in overruling the motion for a continuance. One ground of the motion is that it was necessary for the defendant to secure depositions from witnesses residing in Tulsa, Oklahoma. The application failed to disclose the names of the witnesses whose testimony was desired, or what their testimony would be. There was nothing in the motion showing that the expected evidence was material.

Another ground of the motion was that an agreement had been reached between the attorney for the State and the attorney for the defendant to continue the case until the October, 1921, term of the court. The motion was not sworn to as required by the statute, and no proof was offered to show that the prosecuting attorney had agreed to continue the case for the term. Motions for a continuance are largely in the discretion of the trial court, and this court will not overrule the discretion of the trial court unless there is in the record an application coming substantially within the statute. C. & M. Dig. §1270; *State Life Ins. Co.* v. *Ford,* 101 Ark. 513; and *Richie* v. *State,* 85 Ark. 413.

It is next earnestly insisted that the evidence is not sufficient to warrant the verdict. According to the evidence for the State, a Ford touring car, worth something over $500, was stolen from O. B. Ray, about the 20th of April, 1921, in Ft. Smith, Sebastian County, Ark. Ray had parked the car in the business district of Ft. Smith, and when he came for it sometime afterwards he found that it had been stolen. He went to Ft. Worth, Texas, and identified a car which had been taken from the possession of the defendant about the 18th day of May, 1921, as his car. The number which had originally been on the car had been chiseled off since it had been stolen, and another number had been substituted. Ray asked the defendant where he had gotten the car, and the defendant replied that he had swapped for it. Ray

was not sure at first that the car belonged to him, and told the defendant that he would give him some days to prove his innocence in the matter. When Ray returned to Ft. Smith, his wife asked him if he saw a certain mark on the wheel. Ray told her that he had not thought about the mark when he examined the car. He then remembered about the mark and then went back to Ft. Worth to examine the car again. He found the mark on the wheel, and identified the car by that and by its general appearance. The officer, who arrested the defendant, said that the latter told him that he had bought the car on the streets of Ft. Worth from a party unknown to him. The officer examined the car and found that the Ford engine number had been removed and another number had been put in its place. The officer had had about nine years' experience in matters of this kind, and knew that the number on the car had been tampered with. The Ford factory put figures on its engines that any one can tell are its figures if one studies them. The number on the car in question had been filed off and replaced by another number. The defendant said that he had paid $400 for the car. He was searched when arrested and twenty-five or thirty-five cents were found on him. The defendant exhibited a bill of sale for the car and the consideration recited in it was $475. The date of the transfer was the 16th day of May, 1921.

Another witness for the State testified that he saw a young man, who looked very much like the defendant, drive off a Ford roadster from the streets of Ft. Smith on the night that Ray's car was stolen. He saw the young man drive the car away from the place where it was parked on North Tenth Street in the city of Ft. Smith, on the night of the 20th of April, 1921. The witness stated further that he believed that he would be willing to go far enough to say that it was the defendant who drove the Ford roadster off on the occasion in question.

The defendant denied that he had stolen the car, and said that he was in jail at Tulsa, Oklahoma, on the night the car is charged to have been stolen. He testified that, as soon as he got out of jail, he went to Ft. Worth, Texas, and bought the car from an unknown man there. He denied that he had anything whatever to do with stealing the car.

The testimony on the part of the State was sufficient to warrant the jury in returning a verdict of guilty. According to the testimony of Ray, a Ford car belonging to him was stolen on the night of the 20th of April, 1921, from a street in Ft. Smith where he had parked it. About the 18th day of May, 1921, the car was found in the possession of the defendant at Ft. Worth, Texas. Ray identified the car by its general appearance and by a peculiar mark on the wheel. The defendant told Ray that he had swapped for the car. He told the officer, who arrested him, that he had bought it. He denied that he was in Ft. Smith at any time during the month of April, 1921. Other evidence showed that the engine number placed on the car by the manufacturer had been chiseled off and replaced by another.

Another witness testified that he saw him get into a Ford car in the city of Ft. Smith on the night of the 20th of April, 1921, and drive off. This evidence, if believed by the jury, warranted a verdict of guilty.

Another assignment of error is that the trial court erred in refusing to grant the defendant a new trial on account of newly discovered evidence. In support of his motion, the defendant filed what purports to be the deposition of the city jailer of Tulsa, Oklahoma, to the effect that E. W. Herring was placed in jail by him on April 10, 1921, and kept there until he was released on May 1, 1921. He also filed with it the deposition of Mrs. Alice Herring to the effect that she had a son by the name of E. W. Herring, twenty-two years of age, and that his left leg was shorter and smaller than his right leg, and that his foot was deformed; and that this

son was in jail in the city of Tulsa from April 10, 1921, to May 1, 1921. The court did not abuse its discretion in refusing to grant a new trial on account of the evidence referred to.

The defendant was a witness for himself, and testified that his name was J. A. Gooch. When arrested, he had what purported to be a bill of sale to the Ford car in question to himself, and in that he was named as J. A. Gooch. It is true that he had a deformed foot, and testified that he had been in jail in Tulsa, Oklahoma, in April 1921. This did not, however, identify him as being the E. W. Herring testified to by Mrs. Alice Herring and the jailer at Tulsa as being in the jail there. The defendant knew whether or not he and E. W. Herring were the same person. If so, he should have informed the court of that fact in order to show the materiality of the newly discovered evidence. If the defendant and E. W. Herring were not the same person, the offered evidence had no bearing whatever on the case. If E. W. Herring and J. A. Gooch were different persons, the fact that E. W. Herring was in jail in Tulsa, Oklahoma, during the month of April, 1921, would shed no light on the question of whether J. A. Gooch was also there at that time.

It is true the record shows that E. W. Herring had a deformed foot in like manner as the defendant; but, as above stated, the defendant knew whether or not E. W. Herring and himself were the same person, and should have informed the court of that fact, in order to show the materiality of the admitted evidence. Not having done so, the presumption is that they were not the same person, and the court did not abuse its discretion in refusing to grant the defendant a new trial on the ground of newly discovered evidence.

It is also insisted that the judgment should be reversed because the court refused to permit the prosecuting attorney to testify that he had made an agreement with counsel for the defendant to take depositions in the case in the city of Tulsa, Oklahoma. An objection to this question was sustained.

In the first place, it may be said that the record does not show what the answer of the witness would have been, and the question whether the court erred in such a case will not be considered on appeal, where it does not appear that any prejudice to the defendant resulted from the refusal to allow the witness to answer the questions. *Jackson* v. *State,* 101 Ark. 473, and *Jones* v. *State,* 101 Ark. 439.

Moreover, the action of the court in this respect was not made one of the grounds of the defendant's motion for a new trial. An exception to the admission of the testimony which is not brought forward in the motion for a new trial will not be considered on appeal. *Ince* v. *State,* 77 Ark. 418, and *Eno* v. *State,* 91 Ark. 441, and cases cited.

Finally, it is insisted that the court erred in not giving a certain instruction asked by the defendant. The action of the court in refusing to give the instruction was not made one of the defendant's grounds for a new trial. Alleged error in refusing to give an instruction is not before the court on appeal, if not brought in the motion for a new trial. *Stallings* v. *Bradshaw,* 137 Ark. 34.

After a careful examination of the record, we find no reversible error in it, and the judgment will be affirmed.