LAMBDIN v. STATE.

Opinion delivered November 28, 1921.

1.  INTOXICATING LIQUORS—MANUFACTURE OF—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of manufacturing or of being interested in the manufacture of alcoholic and fermented liquors.

2.  CRIMINAL LAW—ADMISSION OF EVIDENCE—NECESSITY OF OBJECTION AND EXCEPTION.—Admission of evidence in a criminal case will not be reviewed on appeal where no objection was made or exception saved thereto in the trial court.

3.  CRIMINAL LAW—NEWLY-DISCOVERED EVIDENCE.— A motion for new trial for newly-discovered evidence which states that a person unknown to defendant told some of his friends that defendant was not guilty, and admitted that the unknown person was guilty, is too vague and indefinite to warrant a reversal of the judgment

4.  CRIMINAL LAW—ADMISSION OF ACCUSED AS EVIDENCE OF GUILT.— Evidence that defendant accused of manufacturing liquor, pleaded guilty in the Federal court to having a still in his possession at

the time he was charged in the State court to have been engaged in manufacturing liquor, was competent as an admission tending to connect defendant with the crime charged.

5. CRIMINAL LAW—NECESSITY OF MOTION FOR NEW TRIAL.—Error cannot be predicated on rulings of a trial court which were not assigned as erroneous in defendant's motion for new trial.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*D. E. Waddell* and *Isaac McClellan,* for appellant.

The verdict of the jury is wholly against the preponderance of the evidence. 2 Ark. 360; 70 Ark. 365; 100 Ark. 344. The allegation is for manufacturing whiskey and not for having a still in his possession.

Proof of another crime is not sufficient to convict. 34 Ark. 160; 54 Ark. 660.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

If there is substantial evidence to support the verdict, the judgment must stand. 135 Ark. 117; 136 Ark. 385.

There was no error in admitting the record of the Federal court. The plea of guilty in another action is competent. Ency. of Ev. Vol. 3, p. 334; 67 S. W. 96; 71 N. H. 435; 52 Atl. 493. The admissibility of the confession was a question for the court. 28 Ark. 121; 28 Ark. 531. One cannot complain of evidence favorable to himself. 52 Ark. 180. The admission of the letter was harmless. 121 Ark. 570.

The admission of incompetent evidence is not prejudicial if the point testified to is admitted. 73 Ark. 407; 74 Ark. 417; 76 Ark. 276.

The competency of evidence without objection will not be considered on appeal. 76 Ark. 276; 130 Ark. 111.

The motion for new trial on account of newly discovered evidence was wholly inadequate. 2 Ark. 33.

HART, J. Ransom Lambdin was indicted on March 3, 1921, charged with the crime of manufacturing and of being interested in the manufacture of vinous, malt, spirituous, alcoholic, and fermented liquors. He was

tried before a jury and convicted, his punishment being fixed at one year in the State penitentiary. From the judgment of conviction the defendant has duly prosecuted an appeal to this court.

The first assignment of error is that the evidence is not legally sufficient to support the verdict.

Ed F. McDonald, sheriff of Grant County, Ark., was the principal witness for the State. According to his testimony, in company with several other parties he located a still on the farm of the defendant Ransom Lambdin, about a week before he arrested him. It looked like the still had been operated at that place about two months. It was inside the defendant's field about one-quarter of a mile from his house. On the 18th day of January, 1921, the sheriff and others went back there to arrest the defendant. They found that the still had been moved, and tracked the parties moving it across the field of the defendant towards his house. They found the still located in a dense thicket about 100 yards from the defendant's house. There was a pit dug in the ground, and two 60-gallon barrels of mash, which were ready to be run off, were placed on the covering of the pit. They found an oil stove burning in the pit between the barrels. There was a place near the still where they had been getting water. While watching this place, they saw a son of the defendant come down to the still from the defendant's house carrying something in his hand. He then went back to the house. There was a small path leading from the still to the house. They found some fruit jars about 100 yards from the still and about the same distance from the house. Some of the jars had whiskey in them and others were empty. The sheriff then went to the house and arrested the defendant. The house was searched, and several fruit jars were found there. Two of them had about two tablespoons full of whiskey in them, and the others smelled like they had contained whiskey. A pair of rubber boots, with clay on them like the

clay that came out of the pit where the mash was found, was on the porch. The bottoms of the boots were rough and some of the tracks leading from the house to the still corresponded with the tracks of these boots. A spade was also found at the house which had clay on it like the clay in the pit. A small sack of nails was on the porch which compared in size and kind with the nails used to make a cover for the pit. The still had not been operated at the place where last found, but it was ready to be operated. Everything was there except the worm, and it was found in the defendant's lot. The defendant was arrested at his house and was not seen near the still. The persons who were with the sheriff corroborated his testimony. The mash in the barrels was just ready to be made into whiskey, and mash at this stage contains a small per cent. of alcohol. This evidence, if believed by the jury, was sufficient to warrant a conviction. It tended to show that a still was being operated in the defendant's field, and that whiskey was being manufactured there. After the sheriff began watching the still, it was moved into a thicket near the defendant's house. There was a path leading from the still to the defendant's house. A spade and a pair of rubber boots were found at the defendant's house which had on them clay similar to that found in the pit at the still. Fruit jars containing whiskey were found about the same distance from the still and the defendant's house. Fruit jars which smelled like they had contained whiskey were found in the defendant's house. These facts were sufficient to show that the defendant was at least interested in the manufacture of intoxicating liquors.

It is true the defendant introduced witnesses who testified that the still was 200 yards from his house, and that a person could not see from it to the defendant's house. This evidence, however, did not overcome the evidence for the State, but only tended to contradict it. These witnesses also testified that they were neighbors of the defendant, and had frequently visited

him for many years, and had never seen any whiskey at his house. This, however, was negative testimony and had but little probative value.

The evidence for the State is as strong as that held to be sufficient to warrant a conviction in *Robertson* v. *State,* 148 Ark. 585, and *Cox* v. *State,* 149 Ark 387.

It is next insisted that the court erred in permitting one of the witnesses to testify that he saw a son of the defendant at the still, and another witness to testify that a boot was found at the home of the defendant which corresponded with tracks found near the still. No objection was made to the introduction of this testimony in the court below, and no exceptions saved to the action of the court in admitting it. Admission of evidence will not be reviewed on appeal where no objection was made, or exceptions saved thereto in the trial court. *Maxey* v. *State,* 76 Ark. 276, and *Walker* v. *State,* 138 Ark. 517.

It is next insisted that the judgment should be reversed because the court erred in not granting the defendant a new trial on account of newly-discovered evidence. The defendant states in his motion for a new trial that a party who is unknown to him told some of his friends that he, the defendant, was not guilty, and that the unknown party admitted his own guilt. The statement is too vague and indefinite to warrant a reversal of the judgment. The application of the defendant on this account is not corroborated by the affidavits of other persons than his own. The name of the witness is not disclosed. His friends evidently knew who he was. There is no allegation that the witness is within the jurisdiction of the court, or any statement of facts indicating that his attendance could be secured. The defendant only states that he believes he could secure his attendance. The application, under the circumstances, was not sufficient, and the court did not abuse its discretion in refusing to grant a new trial on this account. *Rynes* v. *State,* 99 Ark. 121.

It is also insisted that the court erred in permitting the State to introduce in evidence a copy of the judgment of the Federal court in which the defendant pleaded guilty of having a still in his possession.

The indictment in the present case was returned on the 3rd day of March, 1921. The evidence shows that the defendant was arrested on the 18th day of January, 1921. The information filed in the Federal court charged the defendant with having a still in his possession on the 19th day of January, 1921.

The defendant pleaded guilty to this offense. It will be noted that the two occurrences were about the same time, and the fact that the defendant pleaded guilty to having a still in his possession was competent evidence in the present case. It tended to connect the defendant with the manufacture of intoxicating liquors. It amounted to an admission on his part that he had a still in his possession at the time the sheriff discovered the still near his house. *Beason* v. *State* (Tex. Crim. App.) 67 S. W. 96, and *State* v. *LaRose* (N. H.) 52 Atl. 943. The other evidence in the case showed beyond question that some one was manufacturing intoxicating liquors at the still found in the defendant's field near his house.

It is true the information in the Federal court which was introduced in evidence contained two other counts. One of these charged the defendant with manufacturing intoxicating liquors and the other charged him with unlawfully possessing intoxicating liquors.

The record in the Federal court, however, shows that these two counts were dismissed, and the defendant only pleaded guilty to the offense of having a still in his possession. Hence no prejudice could result to him in the present case from introducing in evidence the full information filed in the Federal court.

Finally, it is insisted that the judgment should be reversed because, after the jury had been out a while to consider its verdict, it returned into court and asked

for special instructions concerning the certified copy of the Federal court proceedings. The court then instructed them that they could consider the same together with all the other evidence in determining the defendant's guilt.

With regard to this, it need only be said that it was not made one of the defendant's grounds for motion for a new trial. It is well settled in this State that error cannot be predicated on rulings of a trial court which were not assigned as erroneous in the defendant's motion for a new trial. *Freeman* v. *State,* 150 Ark. 387, and *Gooch* v. *State,* 150 Ark. 268.

We find no prejudicial errors in the record, and the judgment will be affirmed.