HADAWAY v. STATE.

4564                                        222 S. W. 2d 799

Opinion delivered June 27, 1949.

Rehearing denied October 3, 1949.

*Byron Goodson,* for appellant.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

HOLT, J. A jury convicted appellant, Hadaway, of aggravated assault (Ark. Stat. 1947, § 41-605) and assessed his punishment at twenty days imprisonment in the County Jail and a fine of $100. From the judgment is this appeal.

For reversal, appellant argues: (1) that the evidence was insufficient to support the verdict, and (2) that the court erred in giving, over his objections, State's Instruction No. 2.

### (1)

December 24, 1948, Doug Kimmey and a companion by the name of Rowe, while traveling in an automobile driven by Rowe, collided with another car in the outskirts of Lockesburg. Both (Kimmey and Rowe) were intoxicated. A police officer came on the scene. While he, Kimmey, Rowe and the driver of the other automobile were discussing the incident, Kimmey walked away and entered a pool hall nearby, where the officer found him talking to appellant, operator of the pool hall. For some reason, not made clear, appellant and Kimmey became involved in a fight. Kimmey knocked appellant down. Appellant got up and advanced on Kimmey with a knife, struck him several times, cutting him on his arm and wrist. At this point, a bystander knocked Kimmey down and while he lay on the floor, appellant evaded the officer and kicked Kimmey twice in the face, before the officer succeeded in subduing him.

A witness testified: "What was Doug (Kimmey) doing at the time he was struck with the knife? A. It appeared to me like he might back up. * * * Q. What did the defendant (Hadaway) say shortly after he struck Doug with the knife? A. I tried my best to cut the s. of a b. all to pieces."

Without attempting to detail all the testimony, the above evidence was substantial and sufficient, when considered in the light most favorable to the State, as we must, to show that appellant "without considerable provocation," with "an abandoned and malignant disposition," assaulted Kimmey with a deadly weapon with the intent to inflict bodily injury, and warranted the jury's verdict. *Allgood* v. *State,* 206 Ark. 699, 177 S. W. 2d 928; *Bennett and Holiman* v. *State,* 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908; and *Holland* v. *State,* 198 Ark. 933, 132 S. W. 2d 190.

(2)

There was no error in giving State's instruction No. 2, in the circumstances. This instruction provided: "No one is allowed to exercise the right of self-defense if he willingly enters into the fight or combat; and, if you find and believe from the evidence that the defendant willingly entered into the combat with Doug Kimmey, he cannot avail himself of the plea of necessary self-defense to justify an assault with a knife or other deadly weapon."

No specific objection was made to this instruction. Appellant objected "generally to each and every given State's instruction."

The record reflects that, along with correct instructions given by the court, at appellant's request, the court properly told the jury: "You are instructed that the defendant was entitled to act upon appearance and if the language and conduct of Doug Kimmey was such as to induce in the mind of a reasonable man without fault or carelessness upon his part, under all the facts and circumstances then existing, and viewing them from the standpoint of the defendant, a fear that great bodily harm was, at the time of the assault, about to be inflicted by Doug Kimmey on the defendant, it does not matter if such danger was real or only apparent if the defendant acted in his necessary self-defense from real and honest conviction as to the character of the danger, if any, your verdict should be for the defendant."

Instruction No. 2 was not inherently wrong. Appellant made no request, as noted, for clarification. An instruction similar, in effect, was approved by this court in *Lomax v. State,* 165 Ark. 386, 264 S. W. 823. The following from that opinion applies with equal force here: "The instruction, when considered as a whole, does not assume any fact, but it leaves it to the jury to find whether the defendant voluntarily entered into the difficulty, and also whether or not he killed the deceased. The instruction simply tells the jury that, if he voluntarily entered into the difficulty and killed the deceased, he cannot avail himself of the plea of self-defense, and cannot take advantage of the necessity brought about by his own unlawful act. In other words, it tells the jury that, if the killing resulted from a voluntary quarrel and mutual combat entered into by the parties, this would be a wrongful act, and the defendant could not avail himself of the plea of self-defense."

So here, Instruction No. 2, in effect, told the jury that if appellant willingly, or voluntarily, entered into combat with Kimmey this would be a wrongful act and, in the circumstances, appellant would not be permitted to exercise the right of self-defense.

No error appearing, the judgment is affirmed.