BAZZELL *v.* STATE.

261 S. W. 2d 541

Opinion delivered October 19, 1953.

Rehearing denied November 16, 1953.

*Jim Merritt, James M. Smith, Robert M. Smith* and *James Neill Smith,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J.   Upon a charge of murder in the first degree the appellant, C. E. Bazzell, was found

guilty of voluntary manslaughter and was sentenced to serve three years in the penitentiary.

The State's proof was to this effect: On December 31, 1952, Bazzell and the deceased, Bill Burris, spent most of the day at a domino table in a poolroom in the city of McGehee. A number of arguments took place between the two. At one time Burris objected heatedly to a remark made by Bazzell while the latter was merely watching the game, and, according to Bazzell, Burris then said: "You put your mouth in this game again and I am going to stick my fist in it." It is clearly shown that the two men were at outs when Bazzell left the poolroom in the late afternoon.

At about seven o'clock in the evening Bazzell returned to the pool hall, armed with a pistol. The State's witnesses say that he was in a belligerent mood and was looking for the man "that's going to shut my mouth up." Soon after Bazzell's return Burris came forward from the back of the room and attacked Bazzell with his fists. Bazzell, after receiving three or four blows, pressed his pistol to his adversary's side and killed him. The jury could have inferred from this testimony that Bazzell was guilty of murder; so we need not discuss the contention that the verdict is contrary to the evidence.

It is argued that the information should have been quashed for the reason that it was not sworn to by the prosecuting attorney. A complete answer is that neither the constitution nor the statutes require that an information be under oath. Amendment No. 21; Ark. Stats. 1947, Title 43, Ch. 8.

A second contention is that the trial judge improperly commented upon the weight of the evidence. During the presentation of the State's case Felix Woods was asked on cross-examination whether the accused had intended to go fox hunting on the night in question. The prosecution objected to the question as calling for hearsay testimony, and in overruling the objection the court remarked: "I don't think it has any bearing on the case. This fox hunt hasn't got anything to do with this killing

as I have found yet." Later in the trial the defense developed the theory that Bazzell was carrying the pistol in readiness for the hunt rather than out of enmity toward Burris, and on this premise it is now argued that the court's remark was prejudicial.

There are several defects in this argument. To begin with, the relevancy of the fox hunt was not apparent when the court made the observation complained of. On the contrary, the defense pretty well invited the court's remark by an earlier indication that the defense counsel thought the hunt to be immaterial. The matter had been mentioned only twice earlier in the trial, and on the second occasion the court inquired what the hunt had to do with the case. Defense counsel answered, "Yes, sir, I am stopping," after which the subject was dropped. Second, there was no objection to the court's remark at the time it was made. It was not until after the testimony of two additional witnesses that counsel made any protest. Finally, the observation obviously did not influence the jury. The fact that Bazzell was armed pertained only to the question of premeditation, and since the jury exonerated Bazzell of the charge of murder the issue of premeditation could not have been a vital factor in its verdict.

Another complaint is that the court refused to give a requested instruction on the presumption of innocence. The court gave a correct instruction of its own which adequately covered the subject, and there was no need to repeat the charge in slightly different language.

There is assigned as error the court's action in modifying a requested instruction on self-defense by the addition of the words we have italicized: "One who is suddenly viciously assaulted by another is not required to retreat, but may stand his ground and repel force with force, and if necessary to protect himself, may slay his assailant *unless the assailant himself provoked the assault.*" Quite evidently the court's modifying clause would have been clearer had the word accused been used instead of the word assailant, but there was no specific objection to this ambiguity.

The appellant, relying upon *Johnson* v. *State,* 58 Ark. 57, 23 S. W. 7, insists that the modification precluded the jury from considering the plea of self-defense if it were found that Bazzell, after having provoked the attack, changed his mind and in good faith sought to avoid the encounter. The trouble is that there is no evidence whatever to support such a conclusion by the jury; as the appellant says in his brief: ''There is nothing in the record even to suggest that the accused provoked the assault.'' Thus at most the added clause was abstract and could not have misled the jury. Taken as a whole, the instruction was actually more favorable to the accused than it need have been, for it failed to tell the jury that the assault must have been such as to put the accused in fear of death or great bodily harm. *Striplin* v. *State,* 100 Ark. 132, 139 S. W. 1128; *Garrett* v. *State,* 171 Ark. 297, 284 S. W. 734.

More than fifty other assignments of error are contained in the motion for new trial, but after examining them all we conclude that the trial was wholly free from prejudicial error.

Affirmed.