BLAYLACK *v.* STATE.

5086                                                  370 S. W. 2d 615

Opinion delivered September 23, 1963.

*Dale L. Bumpers,* for appellant.

*Bruce Bennett,* Attorney General, by *John P. Gill,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Associate Justice. The appellant was charged by information with the crime of assault with intent to kill. Upon a jury trial he was found guilty of the lesser offense, assault with a deadly weapon, and his punishment assessed at one (1) year imprisonment and a fine of fifty dollars ($50.00). Upon rendering judgment, the Trial Court suspended nine (9) months of this sentence. From that judgment appellant brings this appeal urging four (4) assignments of error.

First it is urged by the appellant that the jury verdict was arrived at by lot. We do not agree. Upon the return of the verdict, counsel for the appellant polled the jury. One of the jurors, Mrs. Gibson, replied that she agreed to the verdict and it was the result of a compromise. At a subsequent proceeding Mrs. Gibson was called by the appellant to support his argument that the verdict was arrived at by lot. She testified that some of the jurors were of the opinion that the defendant was innocent of any offense and that some of them were of the opinion that he should be convicted of the crime of assault with intent to kill. The effect of her testimony was that the verdict was the result of compromise between the jurors and that she "voted for the verdict as rendered" and "the entire twelve [12] agreed." This was not a verdict by lot. A verdict by lot involves an element of chance. *Speer* v. *State,* 130 Ark. 457, 198 S. W. 113; *Arnold* v. *State,* 150 Ark. 27, 233 S. W. 818; *Patton* v. *State,* 189 Ark. 133, 70 S. W. 2d 1034.

In the case at bar the verdict was arrived at by the exercise of the free choice of the jurors and in the absence of any element of lot, chance, hazard or fortune. There was no evidence of any contrivance to determine appellant's guilt by any of these elements. A verdict reached by a jury through a compromise of their views is not a verdict by lot. It is a fair expression of their views. *Smith* v. *State,* 160 Ark. 178, 254 S. W. 463. Since this was not a verdict by lot, we hold it was not competent for the appellant to thus impeach the verdict of the

jury. The Court was correct in denying appellant's motion for a new trial on this point.[1]

Secondly, the appellant insists that the Trial Court erred in refusing his requested Instruction No. 4 which reads as follows:

"If you find that the defendant, Earl Blaylack, had reasonable cause to believe that the prosecuting witness, Raymond Foster, and those around him were approaching the defendant with the intent to take his life *or to commit an assault upon his person,* and that the defendant had done all that he could do to avoid difficulty without retreating, then you should find that the firing of the gun toward the said Raymond Foster and the others was justified and the defendant should be acquitted." [Emphasis ours.]

We discuss only one of the reasons why we find no merit in this contention. It is well settled in our State that it is not the duty of the Court to give an instruction on any point of appellant's theory of his case unless he offers a correct instruction to the Court. *Hays* v. *State,* 219 Ark. 301, 241 S. W. 2d 266. In the early case of *Carpenter* v. *State,* 62 Ark. 286, 36 S. W. 900, we held that the plea of self-defense is available only if the assault upon the defendant is of such character as to be with murderous intent. Upon a review of the many cases since then, including a most recent case, *Seward* v. *State,* 228 Ark. 712, 310 S. W. 2d 239, we find throughout these cases, as a condition precedent to the plea of self-defense, that an assault upon the defendant must be of such a character that it is with murderous intent, or places the defendant in fear of his life, or great bodily harm. A mere assault is not sufficient to justify the plea of self-defense. See, also, *Bazzell* v. *State,* 222 Ark. 473, 261 S. W. 2d 541. According to the evidence on behalf of the appellant he was entitled to an instruction on

---

[1] Ark. Stat. Ann. § 43-2203 (1947) reads: "Grounds for new trial.— * * * Where the verdict has been decided by lot, or in any other manner than by a fair expression of opinion by the jurors." Also, Ark. Stat. Ann. § 43-2204 (1947) reads: "Competency of juror.—A juror can not be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lot. [Crim. Code, § 269; C. and M. Dig., § 3220; Pope's Dig., § 4060.]"

self-defense, however, the Court was correct in refusing defendant's requested instruction on self-defense as offered.

Thirdly, it is contended by the appellant that the verdict rendered against him by the jury was based upon insufficient evidence. We do not agree. In testing the legal sufficiency of evidence to support a verdict in the case at bar we must view it, on appeal, in the light most favorable to the State. *Allgood* v. *State,* 206 Ark. 699, 177 S. W. 2d 928; *Hadaway* v. *State,* 215 Ark. 658, 222 S. W. 2d 799.

Appellant and the prosecuting witness, Foster, were strangers. They met at a picnic and engaged in an argument on the subject of "drag racing" which terminated with a handshake. Appellant drove his car about fifty (50) yards down the road, stopped and engaged someone in conversation. According to the prosecuting witness, he thought he understood the appellant to curse him. Thereupon he went to the appellant and made inquiry of such without being armed. Again their meeting ended on a friendly basis. After walking away a short distance he again understood appellant to curse him and he turned around, tearing loose from a companion. As he was advancing, unarmed, toward the appellant he was shot by appellant while approximately eight (8) to ten (10) feet away from him. The appellant contends that the prosecuting witness was armed with an empty whiskey bottle upon his first approach and when he advanced upon him a second time he had a shiny object which appeared to be a knife in his right hand; that the prosecuting witness and those around him were advancing upon appellant in a threatening manner and he understood the prosecuting witness to say "I'm going to cut you all to pieces"; that he shot Foster when he failed to heed his warning to stop. Reviewing the conflicting versions in the light most favorable to the State, as we must do in this case on appeal, we hold there was sufficient evidence upon which the jury could base its verdict.

Fourthly, the appellant asserts that the Court erred in refusing to allow a witness in his behalf "to testify whether or not he was sitting in such a position as to be able to see whether the prosecuting witness, Raymond Foster, had anything in his hand as he approached the appellant." Upon reviewing this testimony we think that the witness was allowed to fully testify from what he knew of his own knowledge. However, since this point was not raised by the appellant in his motion for a new trial, we cannot consider it as an assignment of error upon appeal. *Lambdin* v. *State,* 150 Ark. 580, 234 S. W. 987.

Finding no error, the judgment is affirmed.