ROYCE VAN MURPHY *v.* STATE OF ARKANSAS

5490                                    454 S. W. 2d 302

Opinion delivered May 18, 1970

*W. Harold Flowers,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of the crime of first degree murder as alleged by an information and assessed his punishment as death in the electric chair.

On appeal the appellant first contends for reversal of the judgment on that verdict that the evidence is insufficient to support the jury's verdict. We cannot agree. The appellant, an inmate of the Arkansas State Penitentiary, admittedly killed a fellow inmate. The appellant told an investigating officer shortly after the killing that the victim and another inmate were "clown-

ing around" in the barracks when the appellant walked by; that the deceased shoved or struck the appellant and called him a one-eyed son of a bitch; that as he walked away he started thinking about the altercation, went a short distance and got a knife that another inmate had given him the day before; that he walked back to the victim and stabbed him as he got up from his bunk bed; that he did not know how many times he stabbed him because his mind went blank; that he then gave the knife to another inmate and left the scene.

The inmate who was playing cards with the victim verified that the deceased and the appellant had engaged in a verbal clash when appellant was "bumped" by the decedent who did call the appellant a son of a bitch; however, according to him, this occurred earlier in the day. According to this witness, the appellant walked up from behind the deceased, who was unarmed, and started stabbing him in the chest without any warning.

Defense witnesses testified, however, that appellant acted in self-defense by wresting the knife from the deceased and then stabbed him when the deceased reached into his pocket. The appellant testified in his own defense and repudiated the version of his witnesses. He testified, as he had admitted to the investigating officer, that he got his knife from a nearby bunk and came back and stabbed the deceased after being knocked down by him as he walked by and was called a one-eyed son of a bitch. This epithet infuriated appellant because he considered it as referring to him as a "freak." There had been no previous trouble between these inmates. The victim died almost immediately from two chest wounds inflicted by a knife. It is well established that in determining the sufficiency of the evidence, on appeal we must view the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the jury's verdict. *Hadaway* v. *State,* 215 Ark. 658, 222 S. W. 2d 799 (1949). Certainly we cannot say that this evidence was in-.

substantial and not sufficient to sustain the jury's finding and verdict.

The appellant asserts that the trial court erred in the admission of the statement made by appellant to the criminal investigator of the Arkansas State Police. We find no merit in this contention. The testimony of the officer is uncontradicted that the statement made to him was freely and voluntarily given after fully advising the appellant of his rights. The trial court conducted an in-chambers hearing and made an independent determination that the appellant's statement was freely and voluntarily made. Further, a sufficient answer to this contention is that the defendant testified in his own behalf and, in effect, reaffirmed his statement given to the investigator.

The appellant contends that the court erred in its instructions with regard to the alleged confession. As previously indicated, before permitting the officer to relate the appellant's confession to the jury, the court conducted an evidentiary hearing in chambers, in accordance with the requirements of *Jackson v. Denno,* 378 U. S. 368 (1964). After this hearing, the court made an independent determination and held that the appellant's confession was admissible. The officer was then permitted to relate appellant's statements to the jury. In one of its instructions, the court told the jury that appellant's confession, allegedly made to the officer, should be considered along with all the other evidence in the case in determining the guilt or innocence of the appellant. See Ark. Stat. Ann. § 43-2105 (Supp. 1969), and *Brown v. State,* 239 Ark. 909, 395 S. W. 2d 344 (1965). In finding no merit in this contention we only need observe that no prejudice could have resulted to the appellant because he testified in open court and admitted the killing in substantially the manner he related to the investigating officer. Further, the appellant is in no position to complain about this instruction since he made only a general objection and offered none of his own. *Blaylack v. State,* 236 Ark. 924, 370 S. W. 2d

615 (1963); *Monts v. State,* 233 Ark. 816, 349 S. W. 2d 350 (1961).

Appellant further contends for reversal that the court erred in denying his motion to defer sentence and judgment because of appellant's mental condition at the time of trial and sentencing. Within two weeks after the commission of the alleged crime, the appellant was committed to the Arkansas State Hospital for a mental examination. It was the opinion of the hospital psychiatric staff that the appellant was without psychosis. Several months later when the appellant was tried, the defense of insanity was not interposed. The appellant testified, however, that he could not "think straight" at times and that he had previously been hospitalized for a mental disturbance. After closing arguments were made to the jury, and again as the jury left the courtroom for its deliberations, the appellant importuned the jury to be merciful and give him the death sentence. When the appellant appeared for sentencing several days after the jury's verdict, his court appointed counsel made an oral motion for a stay of sentencing and judgment upon the basis that the appellant was mentally incompetent and that proof would be adduced to substantiate his alleged mental condition and the need for a re-examination at the State Hospital. The trial court denied the request for the stay, stating that: "Under the circumstances of the trial and the lateness of your motion the court is going to deny your motion; however, I am going to give him time in which you can take whatever action you need to take in it, which you perhaps will." When insanity is claimed as a ground for postponement of sentence, the trial court is empowered to exercise its discretion. Ark. Stat. Ann. §§ 43-1301, -1303, -1304 (Repl. 1964). See, also *Townsend v. City of Helena,* 244 Ark. 228, 424 S. W. 2d 856 (1968), and *Cousins v. State,* 202 Ark. 500, 151 S. W. 2d 658 (1941). The trial court had the opportunity to observe the appellant and to consider his demeanor during the trial and on the day of sentencing. Before the trial, the appellant was committed by the court to the State Hospital for a mental examination and there

it was determined that he was without psychosis. In the circumstances, we cannot say that the trial court abused its discretion in denying appellant's oral motion that proceedings be postponed until a further mental examination was conducted.

After considering every objection and assignment of error, as we do in capital cases, Ark. Stat. Ann. § 43-2723 (Repl. 1964) and *Brown* v. *State, supra,* and finding no error, the judgment is affirmed.